10-4704-ag
Tomic v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of March, two thousand twelve.

PRESENT:   RALPH K. WINTER,
                      REENA RAGGI,
                                  *Circuit Judges*,
                      JED S. RAKOFF,
                                  *District Judge*.*

------------------------------------------------------------------------

VEDRAN TOMIC,
                      *Petitioner*,

                      v.                                              No. 10-4704-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
                      *Respondent*.
------------------------------------------------------------------------

APPEARING FOR APPELLANT:        JUSTIN CONLON, Esq., North Haven, Connecticut.

APPEARING FOR APPELLEE:        DANA M. CAMILLERI, Trial Attorney (Tony West, Assistant Attorney General, Ernesto H. Molina Jr., Assistant Director, *on the brief*),

---

* Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

1

Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the October 22, 2010 decision of the Board of Immigration Appeals ("BIA") is DENIED.

Vedran Tomic, a citizen of Bosnia, petitions for review of the BIA's decision affirming an order of removal by Immigration Judge ("IJ") Michael W. Strauss. See In re Vedran Tomic, No. A087 446 593 (B.I.A. Oct. 22, 2010), aff'g No. A087 446 593 (Immig. Ct. Hartford, Conn., July 6, 2009). Tomic challenges the agency's order only insofar as it found him ineligible for asylum and denied his motion to remand.[1] Under the circumstances of this case, we review the BIA's decision as well as the IJ's decision "for the sake of completeness." Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). In reviewing a denial of asylum, we apply the substantial-evidence standard to factual findings, which we will uphold "unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B); see Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009); and we review questions of law de novo, see Yanqin Weng v. Holder, 562 F.3d at 513. By contrast, we review the denial of a motion to remand for abuse of discretion. See Li Yong Cao v. U.S. Dep't of Justice, 421 F.3d 149, 157

---

[1] Tomic has waived any challenge to the agency's rejection of his claims for withholding of removal and protection under the United Nations Convention Against Torture by failing to present any arguments on these matters in his opening brief. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

(2d Cir. 2005).  In applying these principles, we assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

1.    Asylum Claim

    a.    Past Persecution

To prevail on his asylum claim, Tomic was required to demonstrate a well-founded fear of future persecution, which will be presumed on a showing of past persecution.  See Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir. 2004); 8 C.F.R. § 1208.13(b)(1).  Because the agency did not make an adverse credibility finding, we assume that Tomic's testimony about his past experiences in Bosnia was credited.  See Diallo v. INS, 232 F.3d 279, 288 (2d Cir. 2000).

Tomic first faults the agency's finding that his childhood experiences during the War in Bosnia and Herzegovina failed to qualify as past persecution based on ethnicity.[2]  Insofar as Tomic charges the agency with overlooking record evidence regarding his wartime experiences, we are not persuaded.  Our precedent recognizes that an IJ is not required "expressly [to] parse or refute on the record each individual argument or piece of evidence offered by the petitioner."  Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006).  Nothing in the record "compellingly suggests" the agency's failure to "take[] into account all of the evidence before" it regarding Tomic's wartime experiences.  Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 336 n.17 (2d Cir. 2006).

---

[2] Tomic contends that he suffered persecution on account of the mixed marriage between his mother, a Serb, and his father, a Croat.

3

Insofar as Tomic argues that the agency erred in not finding his wartime experiences to amount to past persecution, substantial evidence supported the IJ's factual findings that certain incidents, notably, a sniper shooting Tomic's father outside Tomic's presence, were not persecution of petitioner, see Melgar de Torres v. Reno, 191 F.3d 307, 313 n.2 (2d Cir. 1999) (holding that persecution of petitioner's close family member "may support a well-founded fear of future persecution, . . . [but] does not form the basis for a finding of past persecution" of petitioner), and in any event were not linked to any protected ground, see In re J-B-N- & S-M-, 24 I. & N. Dec. 208, 212 (B.I.A. 2007) (requiring showing that protected ground was "one central reason" for past persecution); accord Castro v. Holder, 597 F.3d 93, 104 (2d Cir. 2010). Similarly, evidence that Tomic was once beaten by other children when he refused to harass a Serbian man and was once himself hit by an adult as punishment for throwing a firecracker that scared the man's child did not compel a conclusion of ethnic persecution fairly attributable to the Bosnian state. See Ivanishvili v. U.S. Dep't of Justice, 433 F.3d 332, 342 (2d Cir. 2006). Further, record evidence that Tomic's mother was fired from her job during the war because she was a Serb and that Tomic's family had to sell possessions to survive the war did not compel an agency finding of economic persecution extending to Tomic in light of evidence that Tomic's father and sister both remained employed during the war and, shortly after the war, Tomic's father worked for the United Nations and the United States as a meteorologist; Tomic's family owned land and cultivated crops during the war; and Tomic continued to attend school during the war, enabling him thereafter to pursue higher education. See id. at 341 (requiring showing of "deliberate

4

imposition of a substantial economic disadvantage" to qualify as persecution); Matter of H-L-H- & Z-Y-Z-, 25 I. & N. Dec. 209, 217 (B.I.A. 2010) (requiring showing of "severe economic disadvantage" to qualify as persecution).[3]

Tomic next faults the agency's finding that threats he received from Wahabi Muslim radicals in 2007 did not qualify as past persecution. Tomic claims that he was targeted by these Wahabi radicals not based on ethnicity but based on his political and religious views: he is a "left-leaning socialist" and "an agnostic who is critical of organized religion." Pet'r's Br. at 6. Although this court has not specifically decided whether ensuing substantial emotional distress can elevate unfulfilled threats to the level of past persecution, cf. Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000) (holding that "unfulfilled threats" can rise to level of persecution if they are "so menacing as to cause significant actual suffering or harm"), we have held that more than "mere harassment" is necessary to establish persecution. Ivanishvili v. U.S. Dep't of Justice, 433 F.3d at 341. Citing that standard, the IJ found that the unfulfilled threats against Tomic constituted mere harassment rather than persecution, despite the emotional distress they caused Tomic. Because the evidence does not compel a contrary conclusion, we cannot charge the agency with legal error. See id. ("[I]f the immigration court, having correctly applied the definition of persecution to the facts of this case, had

---

[3] Because the agency properly considered the evidence regarding these wartime incidents cumulatively, our decision in Jorge-Tzoc v. Gonzales, 435 F.3d 146 (2d Cir. 2006), is not to the contrary. See id. at 150 (remanding for agency to consider whether evidence, viewed cumulatively, demonstrated "pervasive campaign" of ethnic violence against petitioner's family).

determined on the basis of the whole record that petitioner's mistreatment indeed constituted harassment, we would have no quarrel with the decision[,] for we recognize that the difference between harassment and persecution is necessarily one of degree and must be decided on a case-by-case basis.").

No different conclusion is compelled by considering Tomic's wartime and post-wartime experiences together, even in light of a U.S. psychologist's report detailing Tomic's damaged mental health resulting from these experiences. Insofar as Tomic suggests that the agency overlooked the psychologist's report because the IJ did not reference it in its discussion of the Wahabi radicals' threats, the charge is meritless. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F. 3d at 336 n.17; Wei Guang Wang v. BIA, 437 F.3d at 275. To the contrary, the IJ was plainly aware that Tomic suffered emotional distress as a result of the threats from Wahabi radicals.[4]

In sum, because the agency reasonably concluded that Tomic had failed to demonstrate past persecution, it was not required to afford him a presumption of an objectively reasonable and, thus, well-founded fear of future persecution if returned to Bosnia. See Chun Gao v. Gonzales, 424 F.3d 122, 128 (2d Cir. 2005).

---

[4] Because we conclude that the IJ did not err in failing specifically to cite the psychologist's report in its discussion of the Wahabi radicals' threats, we do not reach Tomic's argument that the BIA engaged in improper fact-finding when it reasoned that consideration of the report could not have affected the IJ's findings regarding whether the threats qualified as past persecution.

b.      Fear of Future Persecution

Tomic maintains that even without the benefit of a presumption based on past persecution, he demonstrated a well-founded fear of future persecution at the hands of the Wahabi radicals if returned to Bosnia. To the extent the agency found otherwise, Tomic submits that it erred by relying in part on evidence that his family has continued to reside in Bosnia without incident. See Kumar v. Gonzales, 444 F.3d 1043, 1055 (9th Cir. 2006) (finding evidence that family members continue to reside in home country without harm irrelevant where family members were not similarly situated). In fact, this court has held that the fact that an asylum seeker's family members have remained in their home country unharmed can indeed "cut against" an asylum seeker's claim of well-founded fear. Melgar de Torres v. Reno, 191 F.3d at 313. While differences between the asylum seeker's and his family members' situations might well diminish the value of such evidence, we have never suggested that any differences in situation preclude the agency from considering family members' circumstances.

In any event, we need not consider whether the adoption of such a per se rule is warranted here. The agency's denial of Tomic's asylum claim is supported by Tomic's failure to demonstrate that Bosnian government officials would be unable or unwilling to protect him from the Wahabi radicals. See Sotelo-Aquije v. Slattery, 17 F.3d 33, 37 (2d Cir. 1994). The agency's denial of the claim is further supported by Tomic's failure to demonstrate that he could not safely resettle in Croat-dominated areas of Bosnia rather than in Sarajevo or other areas having large Muslim populations. Accordingly, the agency was

7

not compelled to find a well-founded fear of future persecution attributable to the Bosnian government on this record.

2.      Motion to Remand

Tomic correctly observes that the BIA mischaracterized the new evidence supporting his motion to remand as referencing a 2007 bombing in Bosnia by Wahabi radicals, when in fact it referenced a 2010 bombing.  This mistake does not support the petition, however, because the agency did not deny the motion on account of Tomic's evidence being too old or previously available.  See 8 C.F.R. § 1003.2(c)(1).  Rather, it determined that the new evidence was unlikely to change the IJ's finding on the issue of well-founded fear, a conclusion that does not depend on the date of the reported bombing.  See Matter of Coelho, 20 I. & N. Dec. 464, 471 (B.I.A. 1992) (noting that movant bears "heavy burden" to demonstrate that if motion were granted, new evidence would likely change result).  We cannot say this determination constituted an abuse of the agency's discretion.  See Kaur v. BIA, 413 F.3d 232, 234 (2d Cir. 2005).

3.      Conclusion

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that was previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8